GRUENDER, Circuit Judge,
concurring.
I concur in the opinion of the Court. However, I write separately to explain the discrepancy between my vote on the administrative panel and my vote upon rehearing en banc. In Lombardi’s petition for a writ of mandamus, filed on December *898 13, 2013, he did not raise the argument that mandamus should issue to prevent the disclosure of the identities at issue because the prisoners’ relevant underlying claims fail to state a claim upon which relief can be granted. Instead, Lombardi relied solely on the state secrets privilege. On December 23, Lombardi moved for leave to file supplemental suggestions in support of his petition for a writ of mandamus. In that motion, he noted that he had filed a motion to dismiss in the district court on December 20, 2013 — ten days after the district court entered the discovery orders challenged here — and argued that the substance of the motion provided a further basis for granting him mandamus relief. Because Lombardi relied exclusively on the December 20 motion to dismiss, I concluded that, regardless of whether his failure-to-state-a-claim argument had merit, he had not timely raised it. Even in his petition for rehearing en banc, Lombardi did not suggest that he had raised this argument before the district court prior to December 20. However, I have since determined that on August 8, 2012, Lombardi filed a motion to dismiss a prior iteration of the prisoners’ complaint. In that motion, Lombardi advanced substantially the same argument that he presented in his December 20, 2013, motion to dismiss. Thus, this argument was before the district court prior to its entry of the discovery orders challenged here. And I find that argument — as articulated in the Court’s opinion — to be persuasive. Accordingly, I concur in the opinion of the Court.